MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

JOSE PASTRANA and ZACARIAS
HERNANDEZ, *individually,*

                    *Plaintiffs*,

       -against-

MR. TACO LLC (D/B/A MR. TACO NYC),
ADRIAN GROSSMAN, and RICHARD DOE,

                  *Defendants.*

-------------------------------------------------------X

                                           **COMPLAINT**

                                           **ECF Case**

      Plaintiffs Jose Pastrana and Zacarias Hernandez, individually (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Mr. Taco LLC (d/b/a Mr. Taco NYC), ("Defendant Corporation"), Adrian Grossman and Richard Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

      1.    Plaintiffs are former employees of Defendants Mr. Taco LLC (d/b/a Mr. Taco NYC), Adrian Grossman, and Richard Doe.

      2.    Defendants own, operate, or control a restaurant, located at 11 Stanton St., New York, NY 10002 under the name "Mr. Taco NYC".

3.     Upon information and belief, individual Defendants Adrian Grossman and Richard Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs were employed as cooks, food preparers, delivery workers, dishwashers, counter attendants and cashiers at the restaurant located at 11 Stanton St., New York, NY 10002.

5.     Plaintiff Hernandez was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, dishwashing and cleaning the restaurant (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants employed and accounted for Plaintiff Hernandez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff Hernandez at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Hernandez's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Hernandez at the minimum wage rate and enabled them to pay him at a rate that was below the tip-credit rate.

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Hernandez's tips and made unlawful deductions from Plaintiff Hernandez's wages.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### Plaintiffs

19.    Plaintiff Jose Pastrana ("Plaintiff Pastrana" or "Mr. Pastrana") is an adult individual residing in New York County, New York.

20.    Plaintiff Pastrana was employed by Defendants at Mr. Taco NYC from approximately August 27, 2018 until on or about October 6, 2018.

21.    Plaintiff Zacarias Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in New York County, New York.

22.    Plaintiff Hernandez was employed by Defendants at Mr. Taco NYC from approximately August 27, 2018 until on or about October 6, 2018.

### Defendants

23.    At all relevant times, Defendants owned, operated, or controlled a restaurant, located at 11 Stanton St., New York, NY 10002 under the name "Mr. Taco NYC".

24.    Upon information and belief, Mr. Taco LLC (d/b/a Mr. Taco NYC) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 11 Stanton St., New York, NY 10002.

25.    Defendant Adrian Grossman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Adrian Grossman is

sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Adrian Grossman possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.    Defendant Richard Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Richard Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Richard Doe possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

27.    Defendants operate a restaurant located in the Lower Manhattan neighborhood in New York City.

28.    Individual Defendants, Adrian Grossman and Richard Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.    Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, referred to herein.

31.    Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.    In the alternative, Defendants constitute a single employer of Plaintiffs.

33.    Upon information and belief, Individual Defendants Adrian Grossman and Richard Doe operated Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35. During 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

37. Plaintiffs are former employees of Defendants who ostensibly were employed as cooks, food preparers, delivery workers, dishwashers, counter attendants and cashiers.

38. However, Plaintiff Hernandez, who ostensibly was employed as a delivery worker, spent over 20% of his time performing the non-tipped duties stated above.

### Plaintiff Jose Pastrana

39. Plaintiff Pastrana was employed by Defendants from approximately August 27, 2018 until on or about October 6, 2018.

40. Defendants employed Plaintiff Pastrana as a cook, a food preparer, a dishwasher, a counter attendant and a cashier.

41. Plaintiff Pastrana regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Pastrana's work duties required neither discretion nor independent judgment.

43.     Throughout his employment with Defendants, Plaintiff Pastrana regularly worked in excess of 40 hours per week.

44.     From approximately August 27, 2018 until on or about August 30, 2018, Plaintiff Pastrana worked 8 hours per day, 5 days a week (typically 40 hours per week).

45.     From approximately September 1, 2018 until on or about October 6, 2018, Plaintiff Pastrana worked from approximately 2:00 p.m. until on or about 12:00 a.m., Mondays, Tuesdays and Wednesdays, from approximately 2:00 p.m. until on or about 1:00 a.m., Thursdays, and from approximately 12:00 p.m. until on or about 6:00 a.m., Fridays and Saturdays (typically 77 hours per week).

46.     From approximately September 1, 2018 until on or about September 14, 2018, Defendants paid Plaintiff Pastrana his wages in cash.

47.     From approximately September 1, 2018 until on or about September 7, 2018, Defendants paid Plaintiff Pastrana a fixed salary of $800 per week.

48.     From approximately September 8, 2018 until on or about September 14, 2018, Defendants paid Plaintiff Pastrana a fixed salary of $720 per week.

49.     From approximately August 27, 2018 until on or about August 30, 2018 and then from approximately September 15, 2018 until on or about October 6, 2018, Defendants did not pay Plaintiff Pastrana any wages for his work.

50.     Defendants never granted Plaintiff Pastrana any breaks or meal periods of any kind.

51.   Plaintiff Pastrana was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.   No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pastrana regarding overtime and wages under the FLSA and NYLL.

53.   Defendants did not provide Plaintiff Pastrana an accurate statement of wages, as required by NYLL 195(3).

54.   Defendants did not give any notice to Plaintiff Pastrana, in English and in Spanish (Plaintiff Pastrana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.   Defendants required Plaintiff Pastrana to purchase "tools of the trade" with his own funds—including four aprons.

*Plaintiff Zacarias Hernandez*

56.   Plaintiff Hernandez was employed by Defendants from approximately August 27, 2018 until on or about October 6, 2018.

57.   Defendants ostensibly employed Plaintiff Hernandez as a delivery worker.

58.   However, Plaintiff Hernandez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

59.   Although Plaintiff Hernandez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

60.   Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

61.   Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

62.   Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

63.   From approximately August 27, 2018 until on or about October 6, 2018, Plaintiff Hernandez worked from approximately 5:00 a.m. until on or about 7:00 p.m., 5 days a week (typically 70 hours per week).

64.   From approximately August 27, 2018 until on or about September 10, 2018, Defendants paid Plaintiff Hernandez his wages in cash.

65.   From approximately August 27, 2018 until on or about September 10, 2018, Defendants paid Plaintiff Hernandez a fixed salary of $200 per week.

66.   From approximately September 11, 2018 until on or about October 6, 2018, Defendants did not pay Plaintiff Hernandez any wages for his work.

67.   Defendants never granted Plaintiff Hernandez any breaks or meal periods of any kind.

68.   Plaintiff Hernandez was never notified by Defendants that his tips were being included as an offset for wages.

69.   Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Hernandez's wages.

70.   Defendants withheld a portion of Plaintiff Hernandez's tips; specifically, Defendants pocketed all of the tips that customers wrote to Plaintiff Hernandez.

71.   Plaintiff Hernandez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

72.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

73.     Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

74.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

75.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

76.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

77.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

78.     Defendants required Plaintiff Hernandez to perform general non-tipped tasks in addition to his primary duties as a delivery worker.

79.     Plaintiff Hernandez was ostensibly employed as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

80.     Plaintiff Hernandez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

81.     Plaintiff Hernandez was paid at a rate that was lower than the tip-credit rate by Defendants.

82.      However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

83.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

84.     In violation of federal and state law as codified above, Defendants classified Plaintiff Hernandez as a tipped employee, and paid him at a rate that was lower than the tip-credit rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

85.     Defendants failed to inform Plaintiff Hernandez, who received tips, that Defendants intended to take a deduction against Plaintiff Hernandez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

86.     Defendants failed to inform Plaintiff Hernandez who received tips, that their tips were being credited towards the payment of the minimum wage.

87.     Defendants failed to maintain a record of tips earned by Plaintiff Hernandez who worked as a delivery worker for the tips he received.

88.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Hernandez, who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Hernandez of a portion of the tips earned during the course of employment.

89.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Hernandez, in violation of New York Labor Law § 196-d (2007).

90.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

91.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

92.     Defendants paid Plaintiffs their wages in cash.

93.     Defendants failed to post at the workplace, or otherwise provide to Plaintiffs, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

94.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

95.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

96.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

97.     Defendants failed to provide Plaintiffs with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

98.     Defendants failed to provide Plaintiffs, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the Plaintiffs' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire

and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

101.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

102.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

103.   Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

104.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiffs were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108.    Defendants' failure to pay Plaintiffs, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

109.    Plaintiffs were damaged in an amount to be determined at trial.

<u>THIRD CAUSE OF ACTION</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

112.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

113.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

114.    Plaintiffs were damaged in an amount to be determined at trial.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

117.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

118.    Plaintiffs were damaged in an amount to be determined at trial.

<u>**FIFTH CAUSE OF ACTION**</u>

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

119. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

121. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

122. Plaintiffs were damaged in an amount to be determined at trial.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

123. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

125. Defendants are liable to each Plaintiff in the amount of $2,050, together with costs and attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

## OF THE NEW YORK LABOR LAW

126.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

128.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

129.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

131.     Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

132.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

134.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

135.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

136.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

137.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

138.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

139.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs;

(e)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA;

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits

taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 12, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Zacarias Hernandez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              9 de octubre 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

October 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Pastrana

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    9 de octubre 2018

*Certified as a minority-owned business in the State of New York*